No. 12,612.

## THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY ET AL. *v.* THE STATE, EX REL. DARNELL.

MANDATE.—*Return.*—*Taxes in Aid of Railroad.*—*Reinstatement on Duplicate.* —*Agreement to Accept Less than Full Amount.*—*Election Expenses.*—Upon a petition for a mandate to compel county commissioners to reinstate on the duplicate taxes assessed in favor of a railroad company, a return showing that in a prior proceeding the beneficiaries of the tax had ·agreed to accept a certain sum, if paid within sixty days, in full satisfaction of all claims on account of such tax, and that each taxpayer who should pay his proportion of such sum should be entitled to a receipt in full, and further showing that such per cent. had been collected from all who paid within sixty days, and from all others the full amount assessed against them, which had been paid over to the beneficiaries, excepting only the expenses of the election, is good, even though the withholding of the election expenses was wrongful.

SAME.—*Payment of Less Sum will not Discharge Greater.*—*Extent of Rule.*— The rule that the payment of a less sum will not discharge a greater, only applies where the sum is liquidated, and is due upon contract. It can not apply to a claim founded upon a statutory proceeding assessing .a tax in aid of a railroad corporation.

From the Huntington Circuit Court.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellants.

*L. P. Milligan,* for appellee.

ELLIOTT, C. J.—The appellee's relator petitioned the Huntington Circuit Court for a writ of mandate to compel the board of commissioners to reinstate on the duplicate taxes which had been assessed in favor of the Delphos, Bluffton and Frankfort Railway Company. The return to the alternative writ alleges, in confession and avoidance, that the appellee's relator is barred by the proceedings before the board and by an agreement entered into between the parties in interest. The proceedings and agreement are as follows:

" Now comes C. Cowgill, attorney for A. G. Wells & Co., and moves the board for an order directing the treasurer to

The Board of Comm'rs of Huntington Co. *et al. v.* The State, *ex rel.* Darnell.

proceed to collect the taxes heretofore levied to aid in the construction of the Delphos, Bluffton and Frankfort Railway in Jefferson township, and upon proof made and due deliberation thereon, the board do find as follows, to wit:

" 1st. That by a consolidation of said railroad with other railroad companies, said road is now constructed and in operation in and through said township by and under the corporate name of the Toledo, Delphos and Burlington Railroad Company.

" 2d. That more than $10,164 has been expended by said railroad company in said township.

" 3d. That the taxes levied at the June term, 1879, of this board, and the collection of which has been suspended by the action of the auditor and treasurer of this county, are now due and should be collected.

" 4th. That A. G. Wells & Co. were contractors on said road in the construction thereof, and that, by a transfer and assignment of said Toledo, Delphos and Burlington Railroad Company to said A. G. Wells & Co., in part payment for said work of construction, they are the sole beneficiaries of the fund to be derived from the collection of said taxes, and are entitled to have the same paid to them when collected. And the board do now order the treasurer of Huntington county to proceed to the collection of said taxes at once, in the same manner that State and county taxes are collected, all of which is finally ordered, adjudged and decreed.

"And it is proposed and agreed by said A. G. Wells & Co., now in open court, that if $8,000 is paid to them within sixty days from this date, that sum will and shall be received in full satisfaction of all claims whatever against said Jefferson township on account of the taxes so voted and levied to aid in the construction of said railroad; and in pursuance of said proposition and agreement, it is further ordered by the board that each and every taxpayer that is charged with taxes on the duplicate by virtue of the levy aforesaid, who shall, within sixty days from this date, pay to

the treasurer that proportion of the taxes that stand charged against him, or her, as the case may be, on said tax duplicate, that the whole of his or her taxes bears to $8,000, he or she, as the case may be, shall be entitled to a full receipt of said taxes. But said proposition and release only applies to such taxpayers as pay within said sixty days, or have already paid, and the auditor and treasurer are hereby authorized and directed to ascertain and state for the benefit of the treasurer and taxpayers the per centum deduction that each taxpayer would be entitled to have made under such proposition and a compliance therewith. And it is further ordered that a subscription of stock shall be made in said railroad company for the benefit of said township, in the sum that shall be paid to said A. G. Wells & Co."

It is averred in the return that, "In pursuance of said agreement, the auditor, with the consent of said assignees, collected said eighty per cent. of said tax from all such taxpayers of said township as paid within sixty days, and of all such as did not pay within sixty days, he collected the whole amount of said tax, including penalties and interest, and paid over to the said assignees all of said several sums, excepting only such as was due from said railroad company for the costs and expenses incident to the holding of the election."

We can see no valid legal objection to this return, although it is very badly drawn, and contains much surplusage. If the taxpayers paid all the taxes which they were liable to pay under the agreement, there was neither necessity nor propriety for placing the taxes on the duplicate. If those who, by the terms of the agreement, were to pay a less sum than the amount assessed, did pay it within sixty days, then nothing more can be collected from them. If those who were to pay the full amount did pay it, then they are discharged. It is quite clear that Wells & Co. could not enforce payment from those who had made payment in compliance with the

The Board of Comm'rs of Huntington Co. *et al. v.* The State, *ex rel.* Darnell.

terms of the agreement, and certainly not from those who paid the full amount assessed against them.

If it were true that the county officers had misapplied the money collected, the remedy would not be against the taxpayers. Their duty was done, and their liability ended, when they paid all they were legally bound to pay.

The rule that the payment of a less sum will not discharge a greater can not apply here, for that rule only applies where the sum is liquidated and is due upon contract. Here there was no contract creating a liability against the taxpayers, for the only claim held by any one was founded upon a statutory proceeding, assessing a tax in aid of a railroad corporation. To such a case the rule referred to can not be extended.

We do not think that the assignment of the interest in the taxes cut off the right of the assignees to receive them when collected; but we do think that when they received the per centum agreed upon from those who paid within sixty days, and the full amount from those who did not pay within that time, they can not claim more. Nor is it material, so far as the rights of the taxpayers are concerned, that the county officers wrongfully kept five hundred dollars for election expenses out of the taxes collected, for, if the taxpayers paid all they were legally liable to pay, the auditor can not be compelled by mandate to take steps to collect the taxes.

Judgment reversed.

Filed Feb. 25, 1887.